# OKLAHOMA GIN COMPANY *v.* STATE OF OKLAHOMA.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 32.   Argued January 23, 24, 1919; restored to docket for reargument April 21, 1919; submitted October 9, 1919; order for oral argument entered October 20, 1919; reargued December 17, 1919.—Decided March 22, 1920.

The provision of the Oklahoma law concerning penalties for disobedience of an order of the Corporation Commission fixing rates, *held* void, following *Oklahoma Operating Co.* v. *Love, ante,* 331, as depriving a cotton ginning company of opportunity for judicial review. P. 340.

63 Oklahoma, 10, reversed.

THE case is stated in the opinion.

*Mr. C. B. Ames* for plaintiff in error.

*Mr. S. P. Freeling,* Attorney General of the State of Oklahoma, with whom *Mr. Paul A. Walker* was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Corporation Commission of Oklahoma having found under § 8235 of the Revised Laws of 1910 that the Oklahoma Gin Company and four other concerns in the town of Chandler had combined and raised the charges for ginning cotton, on October 17, 1913, fixed a schedule of rates lower than those then in force. The company thereafter charged rates in excess of those so fixed; and three separate complaints against it alleging violation of the order were filed with the Commission. Being summoned

to show cause why it should not be punished for contempt the company admitted violation of the order, but alleged that it was void, among other reasons, because § 8235 was in conflict with the Fourteenth Amendment. After a full hearing at which new evidence was introduced, the Commission affirmed, on October 10, 1914, the rates fixed; made a finding that the violation of the order was wilful; imposed on the company a fine of $500 and costs under each of the three separate complaints; directed refund of all amounts collected in excess of prescribed rates; and declared also: "A fine will be imposed for each day the order has been violated, and the matter as to the number of days and the amounts of fines to be imposed upon the defendant, other than those mentioned in the information, will be left open for adjustment upon taking of evidence as to the number of days violated." An appeal was taken by the company to the Supreme Court of the State, which affirmed the order and, thereafter, denied two petitions for rehearing. The case comes here on writ of error under § 237 of the Judicial Code as amended.

This case was argued and submitted with *Oklahoma Operating Co.* v. *Love*, decided this day, *ante*, 331. For the reasons set forth in the opinion in that case the provision concerning penalties for disobedience to an order of the Commission was void because it deprived the company of the opportunity of a judicial review. The judgment must, therefore, be reversed. It is unnecessary to consider other contentions of plaintiff in error.

*Reversed.*